## Commonwealth v. Brooks

*Charles C. Brown, Jr.*, for Commonwealth.
*John R. Miller*, for defendant.

CAMPBELL, P. J., May 25, 1972.—On February 3, 1972, defendant was convicted by a jury of "hindering firemen" in violation of section 325.1 of the Criminal Code of June 24, 1939, P. L. 875, as amended, 18 PS §4325.1, which provides, as amended by Crimes Code of December 6, 1972, P. L. 1068, 18 PS §5101:

"Whoever intentionally hinders or prevents or attempts to hinder or prevent any fireman from performing his functions, powers or duties as a fireman is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both."

Defendant alleges that the evidence was insufficient to sustain the verdict of the jury, and that the court erred in refusing defendant's motion for demurrer.

The initial issue in this case is whether a criminal intent or "mens rea" must be shown to sustain a conviction under this section of the Criminal Code. We conclude that a criminal intent must be shown. Ordinarily, intent is a necessary ingredient of a criminal offense. It must be recognized that there are certain statutory exceptions. They are termed "malum prohibitum" offenses, such as violations of Pure Food and Drug Acts, speeding ordinances, building regulations, etc. Whether a guilty intent or knowledge is a necessary ingredient is a matter of construction to be determined from the language of the statute and in view of the statute's purpose. We assign the following reasons why we believe this statute requires a mens rea. First, the statute uses the word "intentionally"; secondly, the statute provides for a substantial penalty calling for a $500 fine and a one-year imprisonment or both. Finally, the Commonwealth has recognized intention as an ingredient in that it has charged defendant with "wilfully and unlawfully" violating the statute.

The final issue presented is the nature of the intent required to sustain a conviction. A brief resume of the facts is necessary. Defendant resided adjacent to an area used for a garbage and rubbish dump where frequent fires had occurred. The Bellefonte firemen had been called on several occasions and were prevented from entering the dump area. On the day in question, defendant called the fire department. When they arrived, they were again prevented from entering the dump area. Having determined that the fire was either out or not constituting imminent danger, the firemen turned their vehicles around and started back

to their station house. It is disputed as to whether or not the fire was still burning. Defendant placed his vehicle crossways on a narrow road, preventing the firemen's return. The State Police arrived and charged him with a violation of section 1020 of The Vehicle Code of April 29, 1959, as amended, 75 PS §1020, for blocking a highway. Several days later, defendant was charged with a violation of the aforerecited statute.

Defendant argues that he in no way intended to hinder the firemen from performing their duty. On the contrary, he was blocking the highway in order to force the firemen to perform their duty. It would appear that defendant is confusing the meaning of the two words "intention" and "purpose." Obviously, defendant *intended* to do what he did. The duty of the firemen, having responded to a call and having determined that there was no necessity for further action, was to return to their home base. Defendant prevented their return and thus was preventing them from performing their duty.

We honestly believe it was the *purpose* of defendant to try to force the fire company to enter upon his neighbor's premises and put out a smouldering fire. A good purpose does not exclude intention. A mercy killing is still murder. Where there are multiple duties, each serving a different purpose, a defendant may not hinder or prevent the carrying out of any one of them. We do not believe that defendant has the right to compel the fire company to adopt his judgment and carry out his purpose.

Under these circumstances, defendant's motion in arrest of judgment is refused and the verdict of the jury is permitted to stand. Defendant is ordered to appear for sentencing at the direction of the district attorney.